SHARUM *v*. FRY.

Opinion delivered June 20, 1910.

DRAINS—ORDER REFUSING TO ESTABLISH DRAINAGE DISTRICT—APPEAL.—Kirby's Digest, § 1428, regulating the mode of procedure in establishing drainage districts, permits a petitioner to appeal to the circuit court from an order of the county court disallowing a petition for the establishment of a drainage district; and if it does not confer such right, it is conferred by the Constitution (art. 7, § 33) and the general statutes (Kirby's Dig. §§ 1487-1493).

Appeal from Lawrence Circuit Court; *Charles Coffin,* Judge; reversed.

*W. A. Cunningham* and *H. L. Ponder,* for appellant.

The assessment as made by the viewers is conclusive, and can not be questioned collaterally. 82 Ark. 76. The only remedy open to appellees was to go into county court and show that the assessments were unjust. 83 Ark. 54. Failing in this, an appeal to the circuit court will lie. Kirby's Dig., § 1428.

*Smith & Blackford* and *Davis & Pace,* for appellee.

No appeal will lie under the general statute. 90 Ark. 221. Where there is a special act on the subject, a general act on the same subject is not applicable. 68 Ark. 131. The finding of the viewers that the ditch would not be of public benefit or utility is conclusive. 66 Ark. 303; 64 Ark. 562.

McCULLOCH, C. J. Appellants were petitioners to the county court of Lawrence County for the establishment of a drainage district in that county. When the final report of the viewers came on for hearing in the county court, certain landowners in the proposed district appeared, and made objection, and the court rendered a judgment declaring that said improvement would not be "conducive to the public health, convenience or welfare," and dismissing the petition. The petitioners appealed to the circuit court, where, on motion of ap-

pellees, the appeal was dismissed on the ground that the petitioners had no right of appeal from the judgment of the county court dismissing the petition.

The statute regulating appeals to the circuit court in proceedings to establish drainage districts reads as follows:

"Any person or corporation party to proceedings may, on filing the bond, to be approved by the county court, conditioned to pay all costs occasioned thereby, file exceptions to the apportionment, or to any claim for compensation or damages at any time before the day set for the hearing of said report by the court. The county court may hear testimony and examine witnesses upon all questions made by the exceptions, and for that purpose may compel the attendance of witnesses by subpoena, and their decisions upon each of the exceptions shall be entered of record; and if they sustain the exceptions the cost of hearing the same shall be paid out of the county treasury, and if they overrule the same such cost shall be taxed against the person or corporation filing the exception. Any person or corporation may appeal from the order of the court, and upon such appeal may determine either of the following questions:

"First. Whether such improvement will be conducive of public health, convenience or welfare, or the location of any part changed.

"Second. Whether the route is practicable.

"Third. Whether the compensation has been allowed for property appropriated.

"Fourth. Whether proper damages have been allowed for property affected by the improvements.

"The appellant shall pray an appeal to the circuit court and file a motion in writing specifying therein the matters appealed from; which motion shall be filed and recorded. The county court shall then fix the amount of bonds to be given by the appellant, and cause an order thereof to be made on their record. The party appealing shall within ten days thereafter file with the county clerk a bond in the amount fixed by the county court, with at least two good and sufficient sureties, to be approved by the clerk, conditioned to pay all costs made on appeal in case the appellant fails to sustain the same or the appeal be dismissed for any reason, and the said clerk shall make a complete transcript of the proceedings had before the

county court and certify the same with all the original papers filed in his office and file them in the office of the clerk of the circuit court within thirty days from the day of filing said bond." Kirby's Digest, § 1428.

This statute clearly gives the right of appeal to "any person or corporation" aggrieved by the judgment, whether petitioner or remonstrant. But, even if it did not, as contended, give the right of appeal to petitioners, the Constitution and the general statutes confer that right. Constitution, art. 7, § 33; Kirby's Dig., § § 1487-1493; *Huddleston* v. *Coffman,* 90 Ark. 219.

The circuit court erred in dismissing the appeal.

Reversed and remanded.