### COLLINS *v*. STEWART.

#### Opinion delivered February 8, 1915.

DRAINAGE DISTRICTS—FORMATION—APPEAL FROM ORDER OF COUNTY COURT—
    RIGHT OF PETITIONERS.—Under Kirby's Digest, § 1428, the petitioners,
    as well as the remonstrants, have a right to appeal from an order
    of the county court, adverse to their interests and relative to the
    formation of a drainage district.

Appeal from Craighead Circuit Court; *J. F. Gautney*, Judge; affirmed.

### STATEMENT BY THE COURT.

Appellants were petitioners in the Craighead County Court for the establishment of a drainage district in that county, which would have resulted, had the prayer of the petition been granted, in the formation of a large drainage district, which would have embraced several smaller districts previously created by orders of the county court of that county, and territory embraced in another district under process of formation by the county court at that time. The petitioners prayed that the district be established under the authority of sections 1414 to 1450, inclusive, of Kirby's Digest, and the amendments thereto. A large number of land owners in the proposed district were made parties to the proceeding, and protested against the formation of the district. In response to the prayer of the petition the court appointed an engineer and viewers, and fixed the day for the hearing of the reports of the viewers and engineer, and the establishment of the district was recommended in these reports. On the final hearing of the petition the court refused to grant the prayer thereof, and ordered it dismissed. Some days later the petitioners, by their attorneys, prayed an appeal in conformity with section 1487 of Kirby's Digest, but without attempting to comply with the provisions of section 1428 of Kirby's Digest. Upon the hearing below a motion was filed to dismiss the appeal from the county court, for the reason that the appeal had not been properly taken, and that the affidavit or prayer for appeal did not specify the matters appealed from; that there was no order of the county court granting the appeal; that there was no order of the court fixing the amount of the bond upon appeal, and that no bond for costs had been filed, and that the prayer for appeal did not specify the matters appealed from as required by law. Upon the hearing of the motion in the circuit court, to dismiss this appeal, the appellants then contended, as they do now, that the provisions of section 1428, regulating appeals from the orders of county courts in drainage matters, did not apply to petitioners for the establishment of drainage

districts, but that the provisions of that section were applicable only to remonstrants.

*Appellants, pro se.*

*Hawthorne & Hawthorne, N. F. Lamb* and *Baker & Sloan,* for appellees.

SMITH, J., (after stating the facts). In the case of *Sharum* v. *Fry,* 95 Ark. 385, it was contended that, where the county court, upon final hearing of a petition for the establishment of a drainage district, refused to make the order prayed for, no right of appeal was given to the petitioners. In the decision of that case, however, the court quoted in its entirety section 1428 of Kirby's Digest and followed this quotation with the following statement: "This statute clearly gives the right of appeal to 'any person or corporation' aggrieved by the judgment, whether petitioner or remonstrant. But, even if it did not, as contended, give the right of appeal to petitioners, the Constitution and the general statutes confer that right. Constitution, art. 7, § 33; Kirby's Digest, § § 1487, 1493; *Huddleston* v. *Coffman,* 90 Ark. 219."

It was not there decided that petitioners might appeal under the provisions of section 1487. It was merely said that the right of appeal would not be denied, even though the drainage statute had made no provision for the appeal, the right being one guaranteed by the Constitution. But in this case of *Sharum* v. *Fry, supra,* it was expressly held that "this statute clearly gives the right of appeal to 'any person or corporation' aggrieved by the judgment, whether petitioner or remonstrant." And in the case of *Huddleston* v. *Coffman,* 90 Ark. 221, it was said: "The provisions of section 1428 in regard to the time and manner of taking appeals from the county court must govern in regard to the particular cases mentioned in that section. *Mills* v. *Sanderson,* 68 Ark. 130."

In the case of *Drainage District No. 7* v. *Stuart,* 104 Ark. 113, and again in the case of *Drainage District No. 1* v. *Rolfe,* 110 Ark. 374, it was held that the appeal of a remonstrant taken from any action of the county court

in the matter of establishing drainage districts, under the authority of section 1428, must conform to the requirements of that section. In those cases it was held that it was necessary (a) that the appellant pray an appeal, which must be granted at the same term of court; (b) that the court fix the amount of the appeal bond, and such order be spread upon the record; (c) that there be a motion in writing specifying the matters appealed from, and that such motion be spread upon the record.

It is not here contended that this section was complied with. It is only urged that its provisions are not applicable, where the petitioners for the district, take an appeal from the judgment of the county court. We think it appears from the cases of *Sharum* v. *Fry* and *Huddleston* v. *Coffman, supra,* that the statute applies alike to the petitioner, and to the remonstrant. We should so hold, even though it had not been previously so decided. Section 1428 provides, among other things, that "any person or corporation may appeal from the order of the court." This language is not limited to remonstrants, but grants the right of appeal to any one who has become a party to the proceedings. This drainage law does not contemplate that the court will necessarily grant the prayer of the petition to establish the district. The court may find that the improvement will not be conducive to the public health, convenience or welfare. This is shown by the language employed in the first subdivision of that section, enumerating the matters from which any person or corporation may appeal. This language is:

"*First.* Whether such improvement will be conducive of public health," etc. The court's finding may be one way or it may be the other, and the right of appeal is granted whether it be for the improvement or against it.

We conclude, therefore, that, as section 1428 applies alike to petitioner and remonstrant, the action of the court below, in dismissing the appeal, because it had not been properly taken, was correct, and its judgment is, therefore, affirmed.