FORT SMITH LIGHT & TRACTION COMPANY v. McDONOUGH.

Opinion delivered June 14, 1915.

1.  LOCAL IMPROVEMENTS—TAXATION FOR—PROPERTY BENEFITED—REAL ESTATE.—Taxation for local improvements must be confined to real estate to be benefited by the proposed improvement.

2.  LOCAL IMPROVEMENTS—ASSESSMENTS—TRACKS OF STEAM RAILROADS.— Act 167, p. 402 Acts 1907, providing for the assessment of trackage

for local improvements, *held,* to cover only companies owning steam railroads.

3.  STREET RAILWAYS—RIGHT TO USE OF STREETS.—Street railways merely hold a franchise to use the streets in common with other travelers, and have no right-of-way, as that term is generally understood.

4.  LOCAL IMPROVEMENT—TRACKS OF STREET RAILWAY—INTERURBAN LINE. —The rails and ties composing the tracks of a street railway, lying within a municipal corporation, are not assessable for local improvement under Act 119, p. 325, Acts 1909, creating an improvement district for the purpose of constructing a bridge across the Arkansas River.

5.  LOCAL IMPROVEMENTS—ASSESSMENTS—REAL AND PERSONAL PROPERTY TRACKS OF STREET RAILWAY.—The character of the occupancy of property marks the distinction between real estate and personal property, and the use of the street as a public highway for the purpose of operating a street railway, necessarily characterizes the tracks of the railway as being personal property, and not real estate.

6.  INTERURBAN RAILWAYS—TRACKS WITHIN CITY—ASSESSMENT FOR LOCAL IMPROVEMENT.—The tracks of an interurban railway, lying within a city, are not to be classified as real estate for purposes of assessment for a local improvement.

7.  INTERURBAN RAILWAYS—TRACKS WITHIN CITY.—The fact that lines are occupied outside a city, as an interurban railway, does not change the character of the operation nor the classification of the rights of the company owning and operating the same within the city.

8.  STREET RAILWAYS—LOCAL IMPROVEMENT—TRACKS.—Under Act 119, p. 325, Acts 1909, creating the Fort Smith and Van Buren Bridge District, the tracks of street railways laid along the public streets, in a city are not subject to taxation for the construction or maintenance of a local improvement.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Hill, Brizzolara & Fitzhugh,* for appellant.

1.  This case presents a single issue, Are the tracks, rails and ties of a street railway company under a franchise assessable for bridge taxes under the Act of 1909, page 325? This court, in *Lenon* v. *Brodie,* 81 Ark. 208, finally and completely determined this issue. This decision is sustained by the great weight of authority. 1 Page & Jones on Taxation by Assessments, § 601; Hamilton on Law of Special Assessment, § 284 f. f.

2. *Lenon* v. *Brodie* has not been changed by subsequent legislation. Acts 1907, page 402, applies only to steam railroads. 69 Ark. 68.

3. Act 119, Acts 1909, 325, only provides for the assessment of real estate, and the tracks, ties and easement of a street railway are personal property. 24 App. Div. (N. Y.), 489-491; 126 N. Y. 147; 43 Hun, 119; 17 N. E. 954; 94 Pac. 194; 108 S. W. 960; 3 N. W. 84; 44 S. W. 693; Kirby's Dig., § § 5673, 6936; 81 Ark. 208. The term "railroad" or "railway" does not include street railway company. 23 How. 435; 54 N. E. 1076; 78 N. W. 1032; 61 Minn. 435; 63 N. W. 1099; 28 Minn. 373; 10 N. W. 205; 130 N. W. 71; 52 *Id.* 902; 27 *Id.* 839. Laws passed by the Legislature in regard to railways have no application to street railway companies. 77 Ark. 599; 112 Pac. 583-7; 108 S. W. 960.

4. Assessments for local improvements must be confined to real estate. 31 Minn. 354; 27 Pac. 1077; 45 N. J. L. 258; 34 Am. Rep. 451; 106 Cal. 420; 27 N. E. 282-3; 94 Pac. 1075. Nellis on Street Railways, § 179. There must be a special benefit to land to make it subject to special assessments. 96 Ark. 419. While *railroad* tracks, etc., are real estate (Kirby's Dig., § 6940) street railway tracks, etc., are personal property. Kirby's Dig., § 6936; 96 Ark. 419; 81 *Id.* 567.

*James B. McDonough,* for appellee.

1. The authority to levy assessments for local improvements has its source in the sovereign power of taxation. 164 U. S. 112; 96 Ark. 410. The decision by the Legislature that a "railroad," "right-of-way" and "roadbed" is benefited is conclusive. 106 Ark. 296; 104 *Id.* 425; 103 *Id.* 452.

2. The doctrine of *Lenon* v. *Brodie*, 81 Ark. 208, is not applicable. 77 Ark. 599; 64 *Id.* 420; 87 S. W. 1096; 68 Ark. 376. Appellant company is an interurban railroad, and as such has the same rights and liabilities as steam railroads. 77 Ark. 599; 105 *Id.* 294; 3 Elliott on Railroads, § § 1096ba. to 1096be.; Nellis on St. Rys., § § 146, 164; 106 N. E. 911; 169 S. W. 1045; 99 Wis. 83;

166 Pa. St. 62; 125 Iowa, 430; 81 Mo. App. 78. "Railroads" includes street railroads. 24 Ill. 52 and cases, *supra;* 178 Pa. St. 186; 147 N. W. 318; 90 Tenn. 235; 78 Conn. 291; 192 Ill. 212; 104 N. E. 1080; 1 Elliott on R. R., § 6; 68 Ark. 380; 96 S. W. 707.

3. The rule in *Lenon* v. *Brodie* has been abrogated by subsequent legislation. Acts 1907, p. 402. The language of this act includes street railways, cases *supra.*

4. *Lenon* v. *Brodie* failed to recognize that street railways and steam railroads in a street had the same rights. The court followed 187 Mass. 500, but there are many reasons why the Massachusetts rule should not be applied in Arkansas. *All* railroads are public highways and common carriers. Art. 17, § 1, Const.; Kirby's Dig., § 737. The right-of-way is real estate. 73 Ark. 302; 64 *Id.* 432; Kirby's Dig., § § 6872, 6940, 6945. 176 Ill. 501; 32 Cal. 500. Right-of-way means the roadbed and tracks. 158 Ill. 64; 72 Ark. 119; 130 Mo. App. 162.

5. Under the act of 1909 the right-of-way and roadbed is subject to tax. 115 Ark. 454. There are no exceptions and no exemptions. 119 Ark. 314; 70 S. W. 451; 69 *Id.* 68; 86 *Id.* 231; 96 *Id.* 410; 78 Ark. 468; 103 S. W. 452; 99 *Id.* 100; Page & Jones on Assessments, § 422; 195 U. S. 351; 207 *Id.* 20; 172 *Id.* 269.

McCULLOCH, C. J. The question involved in this case is whether or not the rails and ties composing the tracks of appellant, Fort Smith Light & Traction Company, laid along the streets of the city of Fort Smith, are assessable for local improvement under the special act of the General Assembly of 1909,* creating an improvement district for the purpose of constructing a bridge across the Arkansas River. The district includes the Fort Smith District of Sebastian County and nearly all of Crawford County, and includes the whole of the cities of Fort Smith and Van Buren. Appellant operates a street railway in each of those cities, and also operates an interurban line which connects the two systems. The

---

*Act 119, p. 325, Acts 1909. (Rep.)

company was first organized under the statutes of this State which authorize the organization of business corporations, and was subsequently granted a charter under the Act of 1901 authorizing the organization of companies for the operation of interurban lines of railway. The statute creating the improvement district provides for the assessment of real property in the district, and a clause thereof provides that "all railroads, tramroads, right-of-way, roadbeds and appurtenances in said district shall be assessed according to benefits and increase in value in like manner as herein prescribed for real estate, except that said assessment shall be made per mile." The appellant pays taxes on its tracks outside of the two cities, which are connected thereby, but disputes the authority of the improvement district to tax the tracks inside of the city of Fort Smith, which are maintained over and along the public streets. The circuit court decided that the tracks along the public streets of Fort Smith were subject to the improvement tax, and an appeal has been prosecuted to this court.

(1) It must readily be conceded, and it is conceded by appellee, that taxation for local improvement must be confined to real estate to be benefited by the proposed improvement. Personal property is not subject to taxation for that purpose, nor was it attempted in the enactment of the statute under consideration to tax personalty. The statute expressly provides that real estate only shall be assessed, but in effect declares that railroads, tramroads, etc., shall be deemed to be real estate within the meaning of the statute. It is doubtless within the power of the Legislature to classify property of doubtful character as real estate for the purpose of making it subject to assessment for local improvements. The statutes of this State provide that the tracks and right-of-way of railroads shall be real estate for the purpose of taxation (Kirby's Digest, § § 6940-6944), and we have held that that classification makes property of that kind subject to special taxation for local improvement. *St. Louis Southwestern Railway Company* v. *Board of Directors*

*Red River Levee District,* 81 Ark. 562. We have decided, however, in another case, that the tracks of a street railway company laid along the streets of a city do not constitute real estate and are not subject to special taxation. *Lenon* v. *Brodie,* 81 Ark. 208. In reaching that conclusion we followed a line of Massachusetts cases holding that the franchise of a street railway company to operate along the public streets of a city or town constituted "no easement or freehold interest in the soil, or exclusive control of the highway in which a location is granted to lay tracks and operate the road." *Lorain Steel Co.* v. *Norfolk & Bristol Street Ry. Co.,* 187 Mass. 500; *New England Tel. & Tel. Co.* v. *Boston Terminal Co.,* 182 Mass. 397. The further reasoning of the cases is that "the right conferred is to use the way within its location in common with others, and not exclusively for its own benefit," and that on that account there is no interest in the soil which would constitute real estate within the meaning of the taxation statute. It is admitted that there is a conflict in the authorities on that point, but this court has taken a position on the question and there is no reason to change it.

The General Assembly of 1907* amended the improvement district laws by inserting the following provision with reference to the assessment of real estate: "And if any railroad company owning or operating a line of railway in this State shall occupy any street within said district by having lain therein its railway tracks, and by using said street as a right-of-way, then said railway tracks and right-of-way shall be subject to assessment by said board in the same manner as each lot, block or other subdivision of land provided for in this act; and the words 'blocks, lots or parcels of land,' whenever used in this act, shall include said railway track and right-of-way."

(2-3) That statute, however, is not broad enough in its terms to include the tracks of street railways, for it is obvious from the words employed that the lawmakers

---

*Act 167, p. 402, § 1, Acts 1907. (Rep.)

had in mind only companies owning and operating steam railways. The distinction between the two kinds of railways is so well known that the language used leaves no doubt as to which was intended. A street railway, according to our holding in *Lenon* v. *Brodie, supra,* has no right-of-way along the streets in the sense in which that term is generally understood, but is merely given a franchise to use the street in common with other travelers. The term ''right-of-way'' is understood to mean the exclusive right-of-way such as used by companies operating steam railway lines. This court decided in *Reichert* v. *St. Louis & S. F. Ry. Co.,* 51 Ark. 491, that a city can not grant to a railway company a right-of-way over one of its streets, for the reason that the fee belongs to the owners of the adjacent lots, subject to the easement of the public in the street, which easement does not include the use of the streets for constructing and operating steam railroads. But for the enactment of the Act of 1907, referred to above, there would have been no authority, under the doctrine of the Reichert case, *supra,* to assess the right-of-way of a steam railway along public streets for local assessments, and we are not called on now to decide whether even that kind of railroad track is subject to local taxation.

(4) We are clearly of the opinion, however, that there has been no change in the law since the decision in *Lenon* v. *Brodie, supra,* making the tracks of a street railway subject to such taxation. Nor do we think that the special statute now under consideration has any such application, for its purpose was, we think, to follow the lines of the general statutes for the purposes of taxation and make only the tracks of steam railroads subject to special tax. There is nothing in the language to justify the belief that the Legislature intended anything else.

(5-6-7) The principal argument of appellee, in support of the judgment of the trial court, is that appellant is not a street railway company within the ordinary meaning of the term, but that its organization and method of operation constitutes it an interurban line, which must

be treated under the statutes of this State as being in the same class with steam railroads. It must be remembered, however, that appellant's property in the city of Fort Smith is operated as a street railway, regardless of its operation of an interurban line. It is the character of the occupancy of the property which marks the distinction between real estate and personal property, and, according to our decision in *Lenon* v. *Brodie,* the use of the streets as a public highway for the purpose of operating a street railroad necessarily characterizes it as being personal property and not real estate. The Act of 1901 expressly provides that interurban lines shall not be authorized to condemn a right-of-way along the public streets or highways (Kirby's Digest, § 884), and therefore no basis for the assessment of that class of property as real estate can be found in that statute. But when all this is considered, the answer to the whole argument is that if even interurban lines of railroad fall within the classification found in this statute as "railroads, tramroads, right-of-way, roadbeds," etc., still that part of the tracks in the city, occupying the public streets not as an exclusive right-of-way but merely as other travelers, under the franchise granted to the company, does not fall within that classification, for the very nature of the right enjoyed under the franchise does not justify classifying it as real estate. The fact that lines are occupied out of the city as an interurban railway does not change the character of the operation nor the classification of the rights within the city, for, as before stated, it is the kind of an interest enjoyed under the franchise which distinguishes it in the classification as to the kind of property it is.

We quote with approval the following appropriate and accurate statement of the law on that subject: "But in the light of the development in recent years of the equipment, operation and use of street railroads, it is not now considered essential that a railroad company should strictly adhere to all of these characteristics in order to constitute it a street railroad, and if its

primary purpose is to operate upon streets for the transportation of passengers to and from points in a city or town or its suburbs, it is none the less a street railroad because of the fact that it also operates beyond the city limits, or between contiguous towns or cities as an interurban railroad, or for a part of its route upon property other than streets or highways, or even that it transports freight as a part of its business." 36 Cyc. 1345. There are authorities cited on appellant's brief which announce the same idea with clearness.

We agree entirely with the statement of appellee in his brief that the tracks of the railroad company can not be characterized as a street railway merely because it succeeded to the rights of such company or was first organized as such a company, but the nature of the property is to be determined by its use and the character of the interest which the law permits the owner to acquire. If it is in fact such an ownership as constitutes an interest in the soil, or if it is of such doubtful character as that the Legislature can classify it as real estate, then it is subject to taxation. If, however, there is no such interest, and the Legislature has not attempted to so classify it, it is not subject to local assessments, for, as we have already said, it is only real estate, or property which can be put into that class, that is subject to such taxation.

(8)    We are of the opinion, therefore, that under the special statute creating the improvement district in question, the tracks of street railways laid along the public streets in a city are not subject to taxation for the construction or maintenance of a local improvement. The circuit court erred, and the judgment is reversed and the cause is remanded with directions to enter a judgment in appellant's favor in accordance with this opinion.

KIRBY, J., dissents.