BOARD OF IMPROVEMENT OF WATERWORKS IMPROVEMENT DISTRICT No. 22, *v.* SOUTHWESTERN GAS & ELECTRIC CO.

## Opinion delivered November 8, 1915.

1. LOCAL IMPROVEMENT—ASSESSMENT OF BENEFITS—LEGISLATIVE ASCERTAINMENT.—A legislative ascertainment that benefits from a local improvement accrue in proportion to the value of the property affected, will be respected unless it is demonstrated to a certainty that a mistake has been made.

2. LOCAL IMPROVEMENT—ASSESSMENT OF BENEFITS—COUNTY ASSESSOR—PRESUMPTION.—When valuations are assessed by the county assessor and equalized by the board of equalization, it will be assumed that the assessment is correct, and where the assessment of benefits for a local improvement district is based upon assessments made by the county assessor, it will not be disturbed unless it is affirmatively and satisfactorily shown that the assessment is not correct.

3. LOCAL IMPROVEMENT—ASSESSMENTS—TRACKS OF STREET RAILWAY COMPANY.—The track of a street railway company laid along the streets of a city can not be assessed for local improvements.

4. LOCAL IMPROVEMENT—ASSESSMENT OF TRACKS OF STREET RAILWAY.— The right-of-way granted to a street railway company does not create an interest in the soil, but only grants the right to use the streets in common with other travelers, and such a privilege is not real property within the meaning of the Constitution of this State, which provides that property in cities and towns may be specially taxed for local improvements.

5. LOCAL IMPROVEMENT—ASSESSMENT OF BENEFITS—ERROR AS TO CERTAIN
ITEM.—Where the board of a local improvement district has as-
sessed the property in said district for the construction of the
improvement, and where it is found that the assessment upon
certain property is erroneous, such assessment will be canceled,
but the remaining assessments held valid.

Appeal from Miller Chancery Court; *James D. Shaver,* Chancellor; reversed.

*Frank S. Quinn,* for appellant.

1. Plaintiff's property being within the district, the presumption is conclusive that benefit will result, unless there is fraud or demonstrable mistake. 52 Ark. 107; 81 Ark. 208; 84 Ark. 257.

Fraud and demonstrable mistake can only occur when assessments are levied on lands in disregard of benefits and by reason of manifest prejudice against the owner or in total disregard of his rights. 98 Ark. 543, 550.

2. An assessment based upon a percentage of the value of the property in an improvement district is not an arbitrary or discriminatory assessment, but is, on the contrary, a benefit assessment.

The act of the assessors in fixing upon this particular assessment was a legislative determination on the question as much so as if the assessment had been made by the Legislature itself. 81 Ark. 208; 98 Ark. 543; 125 U. S. 345.

This court has upheld assessments of benefits based upon the assessed value of the property in the districts, and such an assessment is not arbitrary nor discrimina-tory, but a benefit assessment. 69 Ark. 68; 77 Ark. 383; 81 Ark. 562; 97 Ark. 322, 330, 331; 103 Ark. 127; 108 Ark. 419; 100 Ark. 366.

3. The court will only undertake to correct abuses in the assessment. If plaintiff's assessment is excessive, which is not conceded, that fact is not sufficient reason for the court to declare the whole assessment invalid. 97 Ark. 334; 99 Ark. 508.

No brief filed for appellee Southwestern Gas & Elec-tric Co.

*E. B. Kinsworthy, R. E. Wiley* and *T. D. Crawford,* for appellee St. Louis, Iron Mountain & Southern Railway Company.

The testimony of the assessors shows that they adopted an erroneous and improper method which failed to establish a uniform system of assessment of benefits. They have undertaken to levy upon all of the real property of the city a blanket assessment of 20 per cent of the value as shown by the county assessor's books, and have done so, not upon any finding that each lot and parcel of land will receive a special and particular benefit in that amount, but, in many instances, have considered the general benefits which will accrue to the community by the establishment of an adequate water supply. Assessments can not be levied for general benefits. 2 Page & Jones, Taxation by Assessment, § 654; *Id.* § 11; 30 Ind. 77; Cooley, Const. Lim. § 698; 64 Ark. 560.

It is necessary under the statute to assess the value of the benefits accruing to each lot, block, parcel and railroad tracks and rights-of-way by reason of the improvement. Kirby's Dig., § 5677, as amended by Acts 1907, pp. 402, 1023.

An assessment without reference to benefits is void. 32 So. 610, 133 Ala. 587.

A rule of assessment not applied uniformly will be set aside. 49 N. W. 139. And a uniform assessment, arbitrarily imposed by lot on all property affected in the some way by a public improvement, will not be sustained if the advantages to the lots vary. 42 Atl. 773. See also, 27 N. J. L. 214; 138 Ia. 67, 115 N. W. 582; 113 N. W. 38; 48 Ark. 251; 32 Ark. 31; 49 Ark. 202.

*Gaughan & Sifford,* for appellee St. Louis Southwestern Railway Company.

Counsel adopt the foregoing brief and submit additional argument, but cite no authorities.

McCULLOCH, C. J.   The whole of the territory of the City of Texarkana, Arkansas, has been duly organized into an improvement district for the purpose of "acquiring, constructing and equipping a water plant and sys-

tem'' for supplying water to the inhabitants of the city. A majority of the owners in value of real property in the district petitioned the city council favoring the improvement, and after the board of improvement had been appointed and plans had been formed and estimates of the cost thereof made and filed with the city council, a board of assessors was appointed who assessed the benefits to real property in the district. The assessors determined that "every lot, block and parcel of land in said district is equally benefited in proportion to its value," and that said benefits would equal 20 per cent. of the assessed value of real property in the district. In other words, the board of assessors made a horizontal assessment of 20 per centum of the value of the real property in the district as assessed for State and county taxes.

Within thirty days after the publication of the ordinance of the city council levying the assessments as fixed by the board of assessors, the appellee, Southwestern Gas & Electric Company, instituted this action in the chancery court of Miller County to invalidate the assessment of benefits on the ground that the same was arbitrary and illegal. The allegations of the complaint attacking the method of assessment are that "said assessments of benefits are arbitrary, unjust and have not been imposed upon the property of persons specially and peculiarly benefited in the enhancement of the value of their property proportionately to the proposed expenditure of money collected on said assessments but on the contrary many owners of property within said district will suffer pecuniary loss thereby, and especially this plaintiff; and are arbitrary, unjust, discriminatory and not uniform in this: The City of Texarkana, Arkansas, extends over a large irregular territory, and the property embraced therein is of different classes and conditions, and of greatly variant character and uses, and in the actual and taxable value thereof." It is further alleged that no part of appellee's property requires water service and will not be benefited in any manner by said proposed improvement, and that its market value will not and could not be enhanced in value in any sum whatever by reason thereof.

The answer of the board of improvement contains a denial that the assessments of benefits are arbitrary or that they were fixed upon the wrong basis or that appellee's property would receive no benefit from the improvement. Subsequently the St. Louis, Iron Mountain & Southern Railway Company and the St. Louis Southwestern Railway Company each filed an action similar to the one instituted by appellee Texarkana Gas & Electric Company, and the three causes were heard upon substantially the same record. There was introduced in evidence the depositions of two of the assessors showing in detail their method of arriving at the assessment of benefits; and there were depositions of other witnesses, principally engineers connected with the plaintiffs in each of the cases, detailing the condition of the properties of the plaintiffs' and estimates of the benefit, if any, to be derived from the construction of the waterworks contemplated in the improvement.

The chancellor decided "that the said board of assessors proceeded upon an illegal and erroneous theory with reference to making their assessment * * * in that said assessment was made by adopting as a basis 20 per cent. of the assessed value of the real property in said district as it appears upon the tax books of Miller County, Arkansas, and without reference to actual benefits accruing to each lot and block of land in said city; and that said board of assessors did not make said assessments upon the basis of benefits to the owners of property in said city; * * * and that the defendants should be enjoined from in any manner attempting to collect said assessment."

(1) It is not altogether clear from the language of the decree in expressing the conclusions of the chancellor whether he meant to hold, as a matter of law, that assessments could not be made on the percentage basis, as was done by the assessors in this case; or whether it is merely a finding from the facts that the assessment fixed on that basis did not result in an actual assessment of benefits, and that it constituted an arbitrary assessment without reference to the real benefits to be derived from the im-

provement. If the chancellor meant to hold that the assessors could not, even after giving due consideration to all the elements which go to make up the benefits to be derived from the stated improvements, make an assessment which resulted practically in a percentage of the value according to the assessment of taxes for State and county purposes, he was in error, for there is no sound reason why that method may not be adopted if that basis of assessment results in arriving at the real benefits from the improvement. If however, a basis of that kind is adopted arbitrarily and without any relation to the real benefits to be derived, it is invalid and should be set aside. We have decided in numerous cases that a legislative ascertainment that benefits from a local improvement accrue in proportion to the value of the property affected will be respected unless it be demonstrated to a certainty that a mistake has been made. *St. L. S. W. Ry. Co.* v. *Board of Directors,* 81 Ark. 562; *Alexander* v. *Board of Directors of Crawford County Levee District,* 97 Ark. 322; *Salmon* v. *Board of Directors,* 100 Ark. 366. The plan for assessing benefits under the statute in force prior to the year 1899, contemplated the adoption of the assessment made by the county assessor as a basis of valuation and authorized the levying of assessment of benefits based on that value. That method was upheld by this court in *K. C. P. & G. Ry. Co.* v. *Water Works Improvement District of Siloam Springs,* 68 Ark. 376, and *Ahern* v. *Board of Improvement District,* 69 Ark. 68. In the case of *Kirst* v. *Street Improvement District of Little Rock,* 86 Ark. 1, we said that that plan of assessment conformed to the *ad valorem* and uniform provision of the Constitution and was a valid method of assessing benefits for the construction of local improvements.

(2) But assuming that the chancellor did not mean to declare the law in conflict with this view, it becomes necessary to consider whether or not the decree was correct in holding that the assessment fixed on that basis was arbitrary and not justified by the existing conditions as established by the evidence. It is claimed by appellees that the assessors did not attempt to make an assessment

according to benefits, but merely adopted an arbitrary method which disregarded the elements which go to make up benefits, and had no relation to the real benefit to the property from the proposed improvement. The two assessors testified that they were familiar with the real property in the district, and that in the meetings and in the conference between the members of the board they gave consideration to the method of assessment and reached the conclusion that all the property in the district would be relatively benefited in proportion to the value thereof, and they assumed that the assessment made by the county assessor was correct and that a percentage assessment based on that valuation would represent the true benefits to be derived from the improvement. It is not shown that the assessment of values made by the county assessor was incorrect. In fact, it must be assumed that the assessment made by that officer was approximately correct—as near correct as can be. When valuations are assessed by the county assessor and equalized by the board of equalization, it is reasonable to assume that the assessment is as near a correct one as human agency can devise. So it can not be said that there was anything arbitrary in the action of the board of assessors in accepting as correct the county assessment as a basis of valuation.

Nor does the testimony warrant the conclusion that the board of assessors acted arbitrarily in reaching the conclusion that the benefits to all the real property in the district would accrue in proportion to values. It is true that the board of assessors held very few meetings, but the testimony discloses the fact that they were men who were familiar with the conditions of the property in the district, that they were men of good judgment and fair intelligence, and after discussing the matter with each other they reached a conclusion which is not at all unreasonable, for it is easy to see that an improvement such as waterworks for a city will confer benefits on all the property in the district to be supplied in proportion to the value of each piece of property. There was a great deal

of testimony to the effect that some property would in fact get more direct advantage in the use of water than other property. The evidence shows that much of the improved property of the city is already supplied with water from wells and otherwise. It is especially contended by each of the appellees in this case that they have a private water supply for the use of their properties and that they will get little or no direct benefit from the improvement so far as the use of water is concerned. We do not think, however, that that is necessarily the test as to accrual of benefits from the improvement. To be sure it is a matter to be taken into consideration, but the judgment of the assessors is primarily to control and we can not say that there was an arbitrary exercise of their judgment. Notwithstanding the fact that some property is so situated at present that it may not need the supply of water which is to be afforded by the construction of this improvement, yet the benefits to all the property in the city may accrue alike in proportion to the value of each piece of property. It is our duty, as before stated, to accept as correct the assessment of the board of assessors unless it is affirmatively and satisfactorily shown that the assessment is incorrect. *McDonnell* v. *Improvement District*, 97 Ark. 334. The evidence in this case convinces us, however, that there has been no abuse of discretion or judgment by the assessors and that they have fairly exercised their judgment and arrived at an assessment which is reasonable and which should not be overturned on the evidence adduced. Our conclusion is, therefore, that the chancellor erred in rendering the decree declaring the assessment invalid and setting it aside.

(3) This conclusion calls for a reversal of each of the decrees, but in the case of appellee Southwestern Gas & Electric Company there is a point which has not been argued in the briefs but which in view of the reversal we feel ought not to be passed unnoticed. That relates to the question of the assessment on the tracks of said appellee, it being a street railway and having tracks laid along the streets of the city. It appears from the allegations of the

complaint that the bulk of the assessment is upon the street railway tracks, and the question is presented whether or not that class of property can, under the statutes of this State, be assessed for the construction of local improvements in cities and towns. We decided in the case of *Lenon* v. *Brodie,* 81 Ark. 208, that a street railway is personal property and that its value should not be included in the values of real property in ascertaining whether the petition for local improvement was signed by a majority in value of the owners of real property in the district. The necessary result of that decision is that the tracks of a street railway company laid along the streets of a city can not be assessed for local improvements. Judge Battle, in delivering the opinion of the court, quoted with approval the decision of the Massachusetts court holding that a street railway company has "no easement or freehold interest in the soil, or exclusive control of the highway in which a location is granted to lay tracks and operate the road. The right conferred is to use the way within its location in common with others, and not exclusively for its own benefit. The whole way is as fully open to the lawful use of travelers after the road is built and in operation as before." *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway Co.,* 187 Mass. 500. That is also the necessary result of the decision of this court in the case of *Reichert* v. *St. Louis & S. F. Ry. Co.,* 51 Ark. 491, where it was held that a city can not grant to a railway company a right-of-way over one of its streets for the reason that the fee belongs to the owner of the adjacent lots, subject to the easement of the city in the street.

The General Assembly of 1907* amended section 5676 of Kirby's Digest so as to add the following provision: "And if any railroad company owning or operating a line of railway in this State shall occupy any street within said district by having lain therein its railway tracks, and by using said street as a right-of-way shall be subject to assessment by said board

---

*Act 167, p. 402, Acts 1907.

in the same manner as each lot, block, or other subdivision of land provided for in this act; and the words "blocks, lots, or parcels of land," whenever used in this act, shall include said railway track and right-of-way."

(4)   In the light of the previous decisions of this court, we must assume that the Legislature had no intention of including the tracks of street railways, for it is clear from our decisions that the right-of-way granted to a street railway company does not create an interest in the soil, but only grants the right to use the street in common with other travelers, and such a privilege is not real property within the meaning of the Constitution of this State which provides that property in cities and towns may be specially taxed for local improvements.   In the recent case of *Ft. Smith Light & Traction Co.* v. *McDonough,* 119 Ark. 254, 177 S. W. 926, it was said: "We are clearly of the opinion, however, that there has been no change in the law since the decision of *Lenon* v. *Brodie,* 81 Ark. 208, making the tracks of a street railway company subject to such taxation." Authorities are abundant to the effect that the tracks of a street railway laid along the public highway do not constitute an interest in the soil so as to be classified as real property within the meaning of taxation laws.   1 Page & Jones on Taxation by Assessment, § 601; Hamilton on the Law of Special Assessment, § 284; *People* v. *Gilon,* 126 N. Y. 147; *Conway* v. *City of Rochester,* 24 App. Div. N. Y. 489; *City of Seattle* v. *Seattle Electric Co.* (Wash.) 94 Pac. 194; *Shea* v. *St. Paul City Ry. Co.,* 52 N. W. 902.

(5)   Appellee Texarkana Gas & Electric Company has a right to complain of the assessment to that extent, but this does not constitute grounds for cancelling the whole assessment.   The decree in each case is therefore reversed with directions to cancel the assessment on the railway tracks of appellee Southwestern Gas & Electric Company (leaving the assessment on the real estate of that company intact), and in all other respects that the complaint in each case be dismissed for want of equity. It is so ordered.