ARKANSAS NATURAL GAS COMPANY v. COMMISSIONERS OF
    HOPE, FULTON AND EMMET ROAD IMPROVEMENT DIS-
    TRICT.

### Opinion delivered February 23, 1920.

1.  HIGHWAYS—ASSESSMENT OF PERSONAL PROPERTY.—Personal prop-
    erty can not be subjected by the Legislature to assessment for
    benefits from a local improvement.

2.  HIGHWAYS—ASSESSMENT OF PIPE LINES.—Pipe lines laid in the
    streets of a city are clearly personal property, and can not be
    classified as real property by the Legislature, as it is only
    where the character of the property is doubtful that the Legis-
    lature has the power to classify it as real estate.

Appeal from Hempstead Chancery Court; *James D.
Shaver,* Chancellor; reversed.

*Moore, Smith, Moore & Trieber* and *Henry Moore,
Jr.,* for appellant.

Pipe lines in a city are clearly personal property
and not taxable for benefits to construct a road.    129
Ark. 547; 121 *Id.* 113; 81 *Id.* 208.    No specific authority
is granted by Act 153, Acts 1919.    Kirby & Castle's Di-
gest, § 8577; 119 Ark. 255.

The chancellor erred in sustaining the demurrer.
Cases *supra.*

*U. A. Gentry* and *O. A. Graves,* for appellees.

No question is raised here as to the assessment of
the main line.    Act 153, Acts 1919, makes the pipe lines
in a city clearly taxable for local improvements, and the
Legislature has the power to do so.    The cases cited by
appellant do not decide that pipe lines are personal
property.    119 Ark. 125; 51 *Id.* 491.    Appellant has an
interest in the soil, and the Legislature has made the
lines subject to assessment for local improvements; and
they can not be classed as personal property and the
decree should be affirmed.

HUMPHREYS, J.    This suit was    instituted by ap-
pellant against appellees in the    Hempstead Chancery
Court to restrain the appellees, who were the commis-

sioners of the Hope, Fulton and Emmet Road Improvement District, from levying an assessment of benefits for constructing the road through the district, against appellant's gas distributing lines laid in the streets and alleys of the town of Hope, within said district.

The pleadings consisted of a complaint and demurrer, presenting the sole issue of whether the distributing pipe lines within the city limits of Hope are personal property or real estate. It is conceded and has been recently decided by this court that personal property can not be subjected by the Legislature to assessments of benefits for local improvements. *Snetzer* v. *Gregg,* 129 Ark. 542.

According to the allegations of the complaint, appellant is the owner of the main gas line connecting the Caddo gas fields, in Louisiana, with the city of Little Rock. This main pipe line passes through the Hope, Fulton and Emmet Road Improvement District in Hempstead County, and from a point thereon near the city of Hope, distributing lines branch off of the main line, and, under and by virtue of a franchise granted to appellant by said city, the distributing lines are laid in the streets thereof for the purpose of serving the consumers in the city with gas.

The Hope, Fulton and Emmet Road Improvement District was created by Act No. 153 of the Acts of the General Assembly of the State of Arkansas for 1919. That part authorizing the assessment of benefits against pipe lines is as follows: "Their (referring to the commissioners) assessment shall embrace not merely the lands, but all railroads, tramroads, telegraph, telephone and pipe lines, and other improvements on real estate that will be benefited by the improving of the roads; and wherever the word 'lands' is used in this act, it shall be construed to embrace all property subject to taxation therein. * * *"

In construing section 7 of Act 71, Acts of the General Assembly of 1917, which was a provision quite similar to the one now before the court, this court held that assess-

ments of benefits for constructing the improvement provided for in the act might be levied against interurban telephone, telegraph, power and pipe lines upon the same ground that such assessments may be levied upon the right-of-way of railroad companies. *Mo. Pac. Rd. Co.* v. *Conway County Bridge Dist.,* 134 Ark. 292. The reason or ground for imposing such a tax upon the right-of-way of railroads is that the railroads have an interest in the soil and that such easement or freehold interest may be specially benefited by the improvement. Because a town or city in Arkansas had no right to grant a street railway any easement or freehold interest in the soil or exclusive control over the street on which the track is laid, but can only grant it a franchise to use the street in common with others, and not for its exclusive benefit, this court ruled in *Lenon* v. *Brodie,* 81 Ark. 208, that assessment for benefits could not be levied against the right-of-way of street railroads in the public streets. The same doctrine was announced in *Fort Smith Light & Traction Co.* v. *McDonough,* 119 Ark. 254. It was said in that case (quoting the sixth syllabus): "The tracks of an interurban railway, lying within a city, are not to be classified as real estate for purposes of assessment for a local improvement." In reannouncing the same doctrine in the case of *Board of Improvement* v. *Southwestern Gas & Electric Co.,* 121 Ark. 105, the court took occasion to say: "Authorities are abundant to the effect that the tracks of a street railway laid along the public highway (meaning public streets within the city limits) do not constitute an interest in the soil so as to be classified as real property within the meaning of taxation laws."

Franchises granted by a city to public utilities to lay pipe lines in the public streets are on a parity with franchises granted to a street railway to lay its track and operate in the public streets. Neither confer any easement or freehold rights in the soil. So, pipe lines must be classified as personal, and not real estate, within the meaning of taxation laws. Pipe lines laid in the streets

of a city are clearly personal property, and can not be classified as real property by a Legislature. It is only where the character of the property is doubtful that a Legislature has power to classify it as real estate.

For the error indicated, the decree of the chancellor is reversed and the cause remanded with instructions to overrule the demurrer and to enjoin appellees from levying an assessment of benefits against appellant's pipe lines within the city limits of Hope.