ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY *v.* FORT SMITH & VAN BUREN BRIDGE DISTRICT.

Opinion delivered June 29, 1914.

1. IMPROVEMENT DISTRICTS — ASSESSMENTS — LEGISLATIVE DETERMINATION.—The Legislature, in passing the act of 1909, creating the Fort Smith and Van Buren Bridge District, did not undertake to determine the amount of benefits, but left the matter to the board of assessors. (Page 496.)

2. IMPROVEMENT DISTRICTS—ASSESSMENTS—SUFFICIENCY OF EVIDENCE.— On appeal from the finding of the circuit court upon the issue of the assessment of benefits of railway property by the building of the Fort Smith and Van Buren bridge, the evidence held sufficient to sustain the finding of the circuit court as to the extent and value of the benefits. (Page 496.)

3. IMPROVEMENT DISTRICTS—ASSESSMENT OF BENEFITS—RAILROAD PROPERTY.—Benefits may be assessed against the property of a railroad company, by reason of the construction of a bridge by a bridge improvement district, and although the result of the construction of the bridge is to create competition for the railroad company. (Page 496.)

4. IMPROVEMENT DISTRICTS—ASSESSMENT OF BENEFITS—BASIS OF ASSESSMENT.—The amount of benefit which an improvement will confer upon particular land, or whether it will be a benefit at all, is a matter of estimate, and, to some extent, speculative, and on the question of benefits, the present use is not conclusive. (Page 496.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*W. F. Evans, B. R. Davidson* and *Thos. B. Pryor,* for appellants.

1. The construction of the bridge has been a detriment and has not been an advantage to the railroad company's property. Local assessments rest solely on special benefits to the property assessed. 50 Ark. 116; 64

*Id.* 555.   If not benefited, property is not subject to assessment.   68 Ark. 376; 69 *Id.* 68-73.   Any statute authorizing an assessment greater than the special benefit to property is unconstitutional.   71 Ark. 17-27; 86 *Id.* 1-8; 96 *Id.* 410-416; 97 *Id.* 322-331; 98 *Id.* 543-9; 90 Am. Dec. 634-41-2-3-4; 71 Atl. 819-824; 68 Am. St. 714, note; 18 Am. Rep. 729; 111 S. W. 364; 172 U: S. 269.

2.   Railroad property being dedicated to public use is not peculiarly and specially benefited by an improvement of this character.   4 Am. Rep. 63; 20 Atl. 105; 21 *Id.* 763; 30 N. E. 1036; 51 S. W. 848; 59 Atl. 1031; 61 *Id.* 474; 72 *Id.* 455; 20 A. & E. R. R. Cas. (N. S.) 269-271; 76 Atl. 450.   The act takes away passenger traffic and gives it to another and forces these lines to contribute toward paying their fare for forty-five years.   89 Wis. 506; 197 Ill. 344; 107 *Id.* 105; 106 Mich. 13; 54 Mo. App. 265.

3.   The commissioners took the assessment made by the railroad commission, multiplied it by two and assessed the railroad on a mileage basis as an entirety, including terminals in other States and also the franchise. 64 Ark. 432; 68 *Id.* 376; 154 U. S. 439; 4 Am. Rep. 63-70. No deduction was made for loss of business.

4.   The assessment is contrary to section 1, article 2, Const., 64 Ark. 555; 71 *Id.* 17-27; 85 *Id.* 422-4; 3 Am. Rep. 615.   To tax in excess of benefits, special and peculiar, is to take property for public use under guise of taxation.   51 S. W. 848; 172 U. S. 269, and cases *supra.*

*Hill, Brizzolara & Fitzhugh,* for appellee.

1.   The finding of the court is conclusive.   157 S. W. 384.

2.   It is too late to reopen the question of the legislative determination of benefits.   100 Ark. 366; *Board Assessors, etc.,* v. *Crawford Co. Bank,* 108 Ark. 419, June 2, 1913; 197 U. S. 430; 81 Ark. 652; 2 Elliott on Railroads, § 786; 181 U. S. 394.

3. Railroads are subject to local assessment. Page & Jones on Assessments, § 594; 181 U. S. 394; 2 Ell. on R. R., § 786.

4. It is true that benefits are largely speculative and prophetic. 197 U. S. 430.

5. The franchise was not assessed. Act No. 251, Acts 1911.

6. There are no concrete facts of inequality. 99 Ark. 508.

7. Assessments are for the future. 197 U. S. 430.

McCULLOCH, C. J. This case involves separate appeals of two railway corporations from assessments of benefits for taxation in support of the Fort Smith & Van Buren Bridge District, an improvement district created by a special act of the Legislature of 1909, authorizing the construction of a bridge across the Arkansas River. Benefits were assessed by the board of assessors, and each of appellant companies prosecuted an appeal to the board of commissioners, thence to the county court, as provided by the statute, and thence to the circuit court.

The assessments made by the board of assessors were sustained by the circuit court. The case was heard by the circuit court upon oral testimony.

The case is argued here by counsel for appellee on the theory that the assessments constitute a legislative determination of the amount of benefits.

This is an unsound contention, for the Legislature, in passing the statute, did not undertake to determine the amount of benefits. That was left to the board of assessors, and the act creating the district authorizing an appeal. This proceeding is, therefore, a direct, and not a collateral, attack upon the assessments.

The case having been heard *de novo* in the circuit court, the question here is whether or not the evidence is sufficient to support the findings of that court. *Schuman* v. *Sanderson,* 73 Ark. 187.

We are of the opinion that the evidence is sufficient to sustain the finding of the circuit court as to the extent

and value of the benefits. The testimony is conflicting and consists mainly of the opinions of witnesses who qualified themselves by showing that they had knowledge of the values of property in the district and the estimated benefits to accrue from the construction of the improvement. Anything like an extensive analysis of the testimony would serve no useful purpose.

It is contended on the part of each of the appellants that the showing made as to loss of earnings of railroad companies during the short period since the bridge was completed and put into operation is conclusive evidence of the fact that no benefits will accrue to the property of the companies on account of the improvement. It is shown that the earnings from passenger traffic have decreased on account of the fact that the interurban trolley line between Fort Smith and Van Buren has created competition in that traffic, which will in the future, as it has done in the past, prove a detriment, instead of a benefit, to the railway companies.

That does not necessarily follow, for the estimated growth of population in the locality may reasonably be expected to increase the traffic, even with the additional competition.

The decrease of earnings in freight traffic is accounted for in the testimony of witnesses by showing poor crops during the year since the bridge was put into operation.

The assessment of future benefits is largely a matter of estimate and to some extent speculative. As said by Mr. Justice Holmes in the case of *Louisville & Nashville Rd. Co.* v. *Barber Asphalt Co.,* 197 U. S. 430, ''the amount of benefit which an improvement will confer upon particular land, indeed whether it is a benefit at all, is a matter of forecast and estimate, and on the question of benefits, the present use is simply a prognostic and plea of prophecy.''

We must depend largely upon the opinions of men of sound judgment and reasonable information on the subject, to determine what the future benefits will prob-

ably be. If it were necessary to find an exact standard, a measure of benefits in advance would be impossible. That view of the matter would necessarily lead to the conclusion that benefits must be enjoyed before there can be an assessment to pay for the improvement, which would be a contradiction in itself. *Salmon* v. *Board of Directors,* 100 Ark. 366.

We are not prepared to say that the evidence in this case, as it appears in the record, preponderates in favor of the amount of benefits found by the assessors and by the circuit court; but we are not called upon to pass upon the weight of the evidence. The question of its legal sufficiency is all that we need pass upon, and we are of the opinion that there is competent testimony of a substantial nature sufficient to base the finding upon as to the amount of benefits fixed.

The judgment of the circuit court is therefore affirmed.