Missouri Pacific Railroad Company *v.* Conway County Bridge District. ·

Opinion delivered May 13, 1918.

1. APPEALS—FROM CIRCUIT COURT—ALL CASES.—An appeal will lie from the circuit court to the Supreme Court from all final judgments and orders of the circuit court. The right of appeal extends to special proceedings, though the right be not expressly granted in the statute authorizing such proceedings.

2. BRIDGES—ORGANIZATION—ASSESSMENTS—APPEAL FROM FINDING OF BOARD OF COMMISSIONERS.—Under the act of 1917, p. 314, creating a bridge district, an appeal to the circuit court was granted only

from the action of the board of commissioners on the question of the assessments of benefits.

3. APPEAL AND ERROR—APPEAL FROM ACTION OF BOARD OF COMMISSIONERS—RIGHT OF TRIAL BY JURY.—On appeal from an order of the board of commissioners of an improvement district, under Acts of 1917, p. 314, there is no right of trial by jury in the circuit court.

4. IMPROVEMENT DISTRICTS—ASSESSMENT OF PROPERTY.—The assessment of the property of appellant railway company, under Acts of 1917, p. 314, for the construction of a bridge across the Arkansas river, *held,* to have been fair and properly arrived at.

5. IMPROVEMENT DISTRICTS—ASSESSMENTS—JUDGMENT OF ASSESSORS.—A board of assessors has no right to arbitrarily fix a method of assessment which would not result in the ascertainment of the true benefits so as to work out uniformity in the assessments, but the judgment of the board of assessors must be respected by the courts unless it has been found that their action was arbitrary and without reasonable basis.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Thos. B. Pryor* and *W. P. Strait,* for appellant.

1. This suit was properly brought under the Act No. 71, 1917, § 7. It raised properly all objections to the validity of the act and the method of assessing benefits and that the assessment was unreasonable and excessive. It was reversible error to sustain the demurrer as to all questions except the reasonableness of the assessments. 96 Ark. 540; 94 *Id.* 111; 76 *Id.* 423; 77 *Id.* 379.

2. There was error in the method of assessing the benefits and the assessment was unreasonable and excessive and not made according to law. There was not equality and uniformity. 48 Ark. 370; 32 *Id.* 38; 48 *Id.* 252; *Ib.* 383; 49 *Id.* 202; 52 *Id.* 112; 56 *Id.* 356; 63 *Id.* 584; 99 *Id.* 504; 37 Sup. Ct. Rep. 673; 101 U. S. 153; 60 U. S. App. 166. The assessment was arbitrary and discriminatory. See 44 Ill. 229; 54 N. H. 455; 58 *Id.* 38; 63 Conn. 321; 54 Kan. 781; 70 Iowa 87; 152 Mass. 372; 86 Ark. 1.

3. The act is arbitrary. 42 Ark. 87. It is subject to inquiry by the courts. 98 Ark. 116; 83 *Id.* 344; 81 *Id.* 562; 83 *Id.* 54; 87 *Id.* 322; 172 U. S. 269; 181 *Id.* 324, 396; 85 Ark. 12.

4. By sustaining the demurrer the court eliminated the allegations that the act was not valid; that the assessment was arbitrary and discriminatory and violative of constitutional rights. If any or all of these allegations were true, they stated a good defense to the assessment and the demurrer should have been overruled. 83 Ark. 54; 77 *Id.* 29; 27 *Id.* 34; 96 *Id.* 163; 101 *Id.* 35; 96 *Id.* 963.

5. A trial by jury should have been allowed. 56 Ark. 394; 122 Ill. 620; 32 Ark. 552; 40 *Id.* 290; 99 *Id.* 16; 77 *Id.* 171; 50 *Id.* 266.

6. The assessment was illegal and unfair and not according to benefits derived. 89 Ark. 513; 50 *Id.* 116; 98 *Id.* 519; 86 *Id.* 1; 97 *Id.* 330; 68 *Id.* 376; 98 *Id.* 543; 14 Am. Rep. 440; 8 *Id.* 225; 46 Am. St. 273; 28 L. R. A. (N. S.) 1168, and notes; 25 Am. & Eng. Enc. Law 1185.

7. It was unequal and discriminatory. No attempt was made to assess the benefits actually received against each piece of property. Uniformity is absolutely required. 32 Ark. 38; 48 *Id.* 252; *Ib.* 383; 49 *Id.* 202; 52 *Id.* 112; 56 *Id.* 356; 63 *Id.* 584; 89 *Id.* 504; 86 *Id.* 1.

8. Appellant had the right to appeal. 39 Ark. 82; 76 *Id.* 184; 97 *Id.* 116; 25 *Id.* 487; 76 *Id.* 191; 84 *Id.* 365.

9. As to the discriminatory character of the assessment, see *Bush* v. *Benson,* ms. U. S. Ct. App. Dec. T. 1917.

*Sellers & Sellers,* for appellee.

1. The case is not appealable. There is no provision for an appeal in the act. 43 Atl. 485; 18 So. 845; 69 N. Y. Sup. 57; 19 N. E. 283; 35 Atl. 19; 29 *Id.* 1033; 98 Ark. 117; 99 *Id.* 522; 100 *Id.* 369; 98 *Id.* 113, 543; 72 *Id.* 127, etc.

2. No cause of action was stated. There is no authority for a review except upon the question of benefits assessed. The legislative determination is conculsive. 98 Ark. 117; 100 *Id.* 369; 72 *Id.* 127; 43 *Id.* 111. The question of the legality of the act or the abuse of legislative authority can not be raised. 43 Ark. 111; 76 *Id.* 239.

3. Appellant was not entitled to a jury. 32 Ark. 553; 32 *Id.* 17; *Ry. Co.* v. *State*, 99 Ark. ——; 72 *Id.* 177; 50 *Id.* 266; 61 N. E. 1114; 46 Am. Rep. 613; 24 Cyc. 133; 12 R. I. 256; 64 So. 378; 187 S. W. 942; 52 Ark. 335; 179 S. W. 1082; 75 N. E. 1013; 16 R. C. L. 216; 8 Atl. 692; 46 Am. Rep. 613.

4. As to boundaries and benefits to property outside the district, see 81 Ark. 208, 562; 198 S. W. 262-4.

5. The method of assessment was proper and according to law. It was not arbitrary nor unfair. 86 Ark. 1-15. The method and amount of assessment was upheld by the court below and the finding is sustained by the evidence. 78 Ark. 584.

6. The uniformity of assessment applies only to general taxes and not to benefits in improvement districts. 56 Ark. 335-7; 86 *Id.* 109; 87 *Id.* 12.

7. Property of the railroad was not assessed at a higher percentage than other property and the demurrer does not admit it. 72 Ark. 127. But appellant had its day in court and can not now complain. *Ib.* 127; 81 *Id.* 567. The acts of the assessors were not arbitrary or unreasonable. The assessment of benefits was delegated to the assessors and no abuse of power is shown. 96 Ark. 419. The railroad property was benefited more than any other property in the county. The assessment was reasonable and fair. 113 Ark. 493; 197 U. S. 430; 100 Ark. 366.

8. The burden of proof was upon appellant to show that the assessment was excessive, unequal or unjust. 84 Ark. 262; 99 *Id.* 521; 98 *Id.* 113; 68 *Id.* 376; 81 *Id.* 565. The passage of the act presupposes benefits. 98 Ark. 544.

McCULLOCH, C. J. The General Assembly of 1917 enacted a special statute creating an improvement district covering the whole of Conway County for the purpose of constructing a bridge across the Arkansas River at a certain point in that county. Acts 1917, p. 314. The statute creates a board of commissioners to manage the affairs of the district and to provide for the construction of the improvement, and that board is in turn authorized

by the statute to appoint a board of assessors ''to assess the value of the benefits which will accrue to each piece of real property within said district, and also to all railroads, tramroads, street railroads, electric light and power plants, telephone and telegraph lines, pipe lines, and all other franchises connected with the realty within said district.'' The statute further provides that the assessments of benefits made by the board of assessors shall be filed with the county clerk, and that notice thereof shall be given by publication in a newspaper, and that on a date to be fixed in the notice the board of assessors shall assemble to hear the complaints of property owners ''and shall increase or decrease the assessments, after having heard the complaints of the property owners, so as to adjust the burden of the assessment to the benefit which will accrue to the property.''

The right of appeal by any aggrieved property owner from the action of the board of assessors to the the board of commissioners is conferred by the statute and also right of appeal to the circuit court from the action of the board of commissioners. The language of the statute conferring the right of appeal to the circuit court is as follows:

''The commission shall hear all appeals and determine the same. From such findings by the commissioners any property owner feeling himself aggrieved may appeal to the circuit court within sixty days, by filing his complaint in the circuit court setting up the facts, and serving a notice upon the chairman of the commissioners, and such complaint shall be heard and determined as any action at law.''

Appellant owns and operates a line of railroad through Conway County and its roadbed and other real property was included in the assessment of benefits. The company appealed from the board of assessors to the board of commissioners and thence to the circuit court in the manner pointed out by the statute. There was a trial of the case in the circuit court which resulted in a judgment sustaining the assessment of benefits

fixed by the board of commissioners, and an appeal has been prosecuted to this court.

(1)   At the threshold of the hearing in this court we are confronted with the contention of counsel for appellee that as the special statute under which the proceedings are conducted does not provide for an appeal to this court none will lie.   The circuit court acts in a judicial, and not in an administrative, capacity, and under the Constitution an appeal to this court will lie from all final judgments and orders of the circuit court. *St. Louis & North Arkansas Rd. Co.* v. *Mathis,* 76 Ark. 191.   The right of appeal extends to special proceedings though the right be not expressly granted in the statute authorizing such proceedings.   *Phillips County* v. *Lee County,* 34 Ark. 240.   The point is ruled in *Huddleston* v. *Coffman,* 90 Ark. 219, and *Sharum* v. *Fry,* 95 Ark. 385. In the case of *St. Louis & San Francisco Rd. Co.* v. *Fort Smith & Van Buren Bridge District,* 113 Ark. 493, we entertained an appeal under a similar statute, though the right of appeal was not contested.   We are of the opinion that the right of appeal exists in this instance.

(2)   Appellant filed in the circuit court its complaint, not only contesting the correctness of the assessment of benefits against its property, but also attacking the validity of the statute, both as to the method of assessing benefits and the right to assess this character of property for local improvements.   In other words, the complaint makes an attack on the assessment of benefits, and also on the constitutionality of the statute. The circuit court sustained a demurrer to the paragraphs of the complaint attacking the validity of the statute, holding that the inquiry should be confined to an ascertainment of the benefits to appellant's property according to the direction of the statute.   We are of the opinion that the ruling of the circuit court in this respect was correct, for the provision under which the matter was brought before the circuit court was intended as an appeal from the action of the board of commissioners, and not as an original suit to test the validity of the pro-

ceedings. The language of the statute is somewhat peculiar, but when read in connection with other provisions with respect to the procedure for the ascertainment of benefits, it is clear that it was intended only to grant an appeal from the board of commissioners on the question of the assessments of benefits. The complaint provided for on appeal constitutes merely a specification of errors, and is not a new suit for the purpose of trying out any issue which the party sees fit to present in the complaint. Such a case goes to the circuit court on appeal for trial *de novo* as to the amount of assessments and the circuit court derives its power to hear the issue entirely from the appeal, and its powers are confined to those which were possessed by the board of commissioners in the original hearing.

We will, therefore, confine this review to such questions as are authorized by statute to be inquired into in the circuit court, and we expressly refrain from deciding any question as to the validity of the statute with respect to the method of assessments, or the kind of property to be assessed. The validity of the statute in either respect must be tested, if at all, in another appropriate action instituted for that purpose.

(3) It is contended in the first place that the court erred in refusing to grant a trial of the cause before a jury. That question has been determined contrary to the contention of counsel in the recent case of *Drew County Timber Co.* v. *Board of Equalization,* 124 Ark. 569, where we held that the right of trial by jury "is confined to cases which at common law were so triable before the adoption of the Constitution," and that a tax payer aggrieved by the action of the county board of equalization may appeal to the county court and thence to the circuit court, but has no right to trial by jury.

On appeals in this character of cases we are concluded by the findings of the trial court upon legally sufficient evidence (*St. L. & S. F. Rd. Co.* v. *Bridge Dist. supra*). Therefore, the only question for decision is whether or not the evidence is legally sufficient to support the finding of the circuit court as to the amount of

assessment against appellant's property, and the uniformity of the assessment with those imposed upon other property in the district.

(4-5) The case was heard by the circuit court on oral testimony adduced concerning the correctness of the assessment, and the testimony necessarily consisted, chiefly, of the opinions of the witnesses. One of the members of the board of assessors was introduced as a witness and examined at considerable length, and there can be no doubt that his testimony, as it might have been accredited by the trial court, was sufficient to uphold the finding of the court. That witness testified in substance that the board of assessors in arriving at the benefits, divided the county into five zones or regions according to the proximity of the situs of the improvement, and assessed the benefits by percentage on the value of the property for the purpose of county taxation, the percentage varying according to the distance of the several zones or regions, but the railroad property was assessed, as expressly directed by the statute, by the mile, and not by the acre, and that the percentage of that property was fixed at the highest percentage on the other property assessed by zones. The basis of the assessment of the railroad property was the assessed valuation for general taxation by the State Tax Commission and, the railroad property was assessed per mile at the highest percentage borne by the real property in the zone nearest to the bridge. The testimony of the witness shows, however, that this method of assessment was not arbitrarily fixed, but that it was determined upon by the members of the board of assessors according to their best judgment as to the fairness, accuracy and uniformity of that method as the true benefits to be derived from the improvement. The board of assessors had no right to arbitrarily fix a method of assessment which would not result in the ascertainment of the true benefits so as to work out uniformity in the assessments, but the judgment of the board of assessors must be respected by the courts unless it has been found that their action was

arbitrary and had no reasonable basis. *Board of Improvement Waterworks Imp. Dist.* v. *Southwestern Gas & Electric Co.,* 121 Ark. 105.

Our conclusion is that the finding of the trial court was sustained by the evidence, and, as that is the only question properly presented on this appeal, the judgment must be affirmed, and it is so ordered.