REISINGER *v.* ROAD IMPROVEMENT DISTRICT No. 8 OF CRITTENDEN COUNTY.

Opinion delivered April 12, 1920.

1. HIGHWAYS—APPEAL FROM JUDGMENT CONFIRMING ASSESSMENT.— On an appeal from a judgment of the circuit court confirming assessments of benefits made by commissioners of a road improvement district under Road Laws, No. 55, 1919, the only questions which can be raised are those which relate to the correctness of the assessments.

2. HIGHWAYS—JUDGMENT CONFIRMING ASSESSMENT AFFIRMED WHEN. —A judgment confirming assessments of benefits will be affirmed on appeal if there is evidence legally sufficient to sustain it, though the Supreme Court may differ with the assessing board and the trial court as to the correctness and fairness of the assessments.

3. HIGHWAYS — REASONABLENESS OF ASSESSMENTS.—The fact that commissioners of a road improvement district adopted the zone system in regard to rural land and assessed all lands in each zone without regard to improvements, but assessed city property on its value with improvements as a basis, did not render the assessments void.

4. HIGHWAYS—MISTAKE OF JUDGMENT.—An honest mistake of judgment does not necessarily defeat an assessment.

Appeal from Crittenden Circuit Court; *R. H. Dudley,* Judge; affirmed.

*Berry & Wheeler* and *R. G. Brown,* for appellants.

The assessment of benefits was arbitrary, unjust, discriminatory and unlawful. The zone system was adopted and no attention was paid to improvements on the lands in rural districts, but in cities and towns betterments were considered. 130 Ark. 70; 127 *Id.* 310. The whole scheme of assessments adopted here was "incorrect on its face—a demonstrable mistake." It is impossible to reconcile the discriminations made. 118 Ark. 301; 131 *Id.* 65; 123 *Id.* 210; 118 *Id.* 127; 133 *Id.* 64; 212 S. W. 334; 205 *Id.* 894; 1 Page & Jones on Tax. by Assessment, p. 874, § 547. The improvements on rural lands as well as in town should be considered and all assessed alike. The assessment here was discriminatory unequal and void. *Supra.*

*S. V. Neelly,* for appellees.

1. All the evidence is not in the record, and the judgment should be affirmed. 103 Ark. 205; 77 *Id.* 195; 74 *Id.* 427, 551; 124 *Id.* 161.

2. There is nothing to show that the assessments were unjust, unequal, arbitrary, exorbitant or discriminatory. The zone system on rural property was adopted and the best methods of assessments were used. 209 S. W. 725; 135 Ark. 149-159; 86 Ark. 1; 78 *Id.* 1. The evidence sustains the findings of the lower court. 215 S. W. 656; 213 *Id.* 749; *Ib.* 725.

McCulloch, C. J. By special act No. 55, of the regular session of 1919, the Legislature created three road districts in Crittenden County, numbered, respectively, 7, 8 and 9, for the purpose of improving certain roads in said districts. Separate boards of commissioners were created for each district, and each board was authorized by the statute to construct the improvements and to appraise the benefits on the lands affected by the improvement. The statute provides that the list of benefits assessed shall be returned by the commissioners to the county court, and after publication the court hears complaints of property owners against the correctness

of the assessments, and approves or disappproves the same.  An appeal is allowed to the circuit court.

The commissioners in each of said districts made the assessments and filed the same in the county court.  Appellants are owners of real property in District No. 8, and appeared in the county court and made complaint against the assessments on their property.  Appellant Reisinger is the owner of rural property, and the other appellants are owners of urban property in the district. The county court overruled the complaints of appellants, and they appealed to the circuit court, where there was a trial *de novo,* which resulted in a confirmation of the assessments made by the commissioners.  The lower court heard the case on oral testimony and also on maps and plats of the district.

The only questions which can be raised on this appeal are those which relate to the correctness of the assessments.  *Mo. Pac. Rd. Co.* v. *Conway County Bridge Dist.,* 134 Ark. 292; *Chicago, Rock Island & Pac. Ry. Co.* v. *Road Imp. Dist. No. 1 of Prairie County,* 137 Ark. 587; *Kansas City So. Ry. Co.* v. *Road Imp. Dist. No. 6 of Little River County,* 139 Ark. 424.

The commissioners of each of the three districts were introduced as witnesses and testified concerning the method of arriving at the assessments of benefits, and it appears from the testimony that, while there was a separate assessment in each district, the commissioners of all the districts conferred together and co-operated in ascertaining the correct basis of assessing benefits in all the districts, but this controversy relates entirely to the assessments in District No. 8.

The testimony shows that the commissioners, after repeated conferences and considerations of the questions of benefits, reached the conclusion that what is termed the "zone system" should be adopted with respect to the rural lands, and that they valued the betterments at so much per acre according to zones fixed by distances from the road or roads to be improved.  Fifty dollars per acre was the amount assessed on the lands in the first

zone, which were those nearest the roads to be improved, and the amount of assessed benefits was diminished as the distance increased by zones, and it appears from the testimony also that the commissioners did not make any distinction in the amount of assessments by reason of differences of the quantity of land in cultivation. Nor was there any increase of the assessments of benefits by reason of value of buildings on a given tract. The urban property was assessed on a different basis, in that the value of buildings was one of the bases for fixing the value of benefits. In other words, as to urban property, the commissioners appraised the actual value of each piece of property with buildings on it and assessed the benefits at one-third of such value.

The chief point of attack against the validity of the assessments is this: That there was a lack of uniformity in that the buildings on urban property increased the assessments on that kind of property, whereas the buildings on rural property were not allowed to increase the value of benefits to rural property, the benefits to which were assessed on the acreage basis.

The decision of the case, however, comes down to the question of legal sufficiency of the evidence to sustain the findings of the trial court. We may differ with the assessing board and the trial court in our conclusion with respect to the correctness and fairness of the assessments, but if there is evidence legally sufficient, tested by well-settled rules, to sustain the findings of the court that the assessments were not arbitrary and demonstrably erroneous, it is the duty of this court in the exercise of its appellate jurisdiction to affirm the judgment. *St. L. & S. F. Rd. Co.* v. *Fort Smith & Van Buren Bridge Dist.*, 113 Ark. 493; *C., R. I. & P. Ry. Co.* v. *Road Imp. Dist. No. 1 of Prairie County, supra; K. C. So. Ry. Co.* v. *Rd. Imp. Dist. No. 6 of Little River County, supra; Patterson* v. *Road Imp. Dist. No. 3 of Woodruff County, ante,* p. 44; *Mo. Pac. Rd. Co.* v. *Road Imp. Dist. No. 1 of Izard County, ante,* p. 261.

Tested by this rule, it is not difficult to discover sub-

stantial evidence in support of the findings of the court. The evidence shows that the commissioners did not arbitrarily adopt the so-called "zone system" in disregard of all elements which might tend to affect the betterment of the lands, but that after considering everything, including the question of improvements and other buildings on the lands, they arrived at the conclusion that rural lands would be benefited to the extent of a given sum per acre according to distance from the road, but that benefits to urban property should be assessed on a certain proportion of the actual value of each piece of property. The evidence shows that the commissioners considered also the question whether the amount of land in cultivation should be regarded as affecting the question of benefits, and they decided that the lands in a given zone should be assessed at the same amount regardless of the amount of land in cultivation on a given tract. There may be a difference of opinion on this question as a matter of judgment, but we cannot say that the decision of the board of commissioners on this question is arbitrary or without reason. An honest mistake of judgment does not necessarily defeat an assessment, and, as we only review for errors in this class of cases, we cannot say that the circuit court acted without any substantial evidence at all in accepting the opinions of the members of the board of commissioners on this subject. This is not a case, in other words, where the assessing board arbitrarily fixed an acreage basis, or a zone basis, without the consideration of other elements, but the evidence is that they considered all the elements and arrived at the conclusion that the adoption of the zone system as to rural property results in a fair and just estimate of benefits. *Board of Improvement* v. *Southwestern Gas & Electric Co.*, 121 Ark. 105; *Wilkinson* v. *St. Francis County Road Imp. Dist.*, 141 Ark. 164; *Mo. Pac. Rd. Co.* v. *Izard County Road Imp. Dist. No. 1, supra.* The fact that urban and rural properties were assessed on different bases in ascertaining the benefits does not render the assessments

void. *C., R. I. & P. Ry. Co.* v. *Road Imp. Dist. of Prairie County, supra; Oates* v. *Drain. Dist.*, 135 Ark. 149.

This view of the matter also answers the contention of appellant Reisinger that the assessment of benefits by the commissioners was arbitrary in the inclusion of portions of lands covered by drainage canals and ditches and other rights-of-way. The testimony of the commissioners shows that they considered each tract of land according to its surveyed area, and that their conclusion was that the enhancement of value by reason of buildings on a given tract was different throughout the whole area, and that the damage resulting from the occupancy under the easement likewise affected the whole area at large. Therefore, while the loss of the area covered by the easements of the drainage canals and other things was considered in arriving at the amount of benefits to a given tract, the amount per acre assessed as benefits was fixed as resulting to the tract as a whole. Appellant Reisinger is a very large landowner, and it appears that as much as 75 acres is taken up by drainage canals and other rights-of-way, but the commissioners in assessing benefits concluded that his lands as a whole were benefited to the extent assessed, notwithstanding the fact that so much of it was taken by the occupancy of the drainage canals and other easements. We cannot say that the finding of the court on that issue was wholly without evidence to support it.

Since we conclude that there is no ground for reversing the judgment of the circuit court, it is unnecessary to consider the effect of the special statute enacted by the General Assembly approving and validating the assessments of benefits in these districts. Act No. 22 extraordinary session of 1919, approved February 3, 1920.

The judgment of the circuit court is supported by legally sufficient evidence, and the same is, therefore, affirmed.

HART, J., dissents.