GIBSON *v.* LAWRENCE COUNTY.

Opinion delivered October 23, 1922.

TAXATION—CONCLUSIVENESS OF FINDINGS AS TO TAX VALUES.—The settled rule that the Supreme Court will not disturb the findings of a trial court or jury, when supported by substantial evidence, applies in all cases at law, including those involving the correctness of valuations for taxing purposes.

Appeal from Lawrence Circuit Court, Northern District; *Dene H. Coleman,* Judge; affirmed.

*Cohn, Clayton & Cohn,* for appellant.

*Ponder & Gibson,* for appellee.

Property is assessed in this State, whether it produces income or not. 119 Ark. 370. The findings and judgment of the circuit court will not be disturbed on appeal, where sustained by sufficient legal evidence. 138 Ark. 452. The market value of property is its value for any use to which it may be adapted. 116 Ark. 209.

McCULLOCH, C. J. Appellant is the owner of a large number of improved and unimproved lots of real estate in the town of Hoxie, and she appealed to the county court from the valuations for taxation purposes made for the year 1921 by the county tax assessor and the township board of assessors. She also prosecuted an appeal to the circuit court from the judgment of the county court fixing the assessments, and has, in turn, appealed from the judgment of the circuit court.

The only contention here is that the judgment of the circuit court fixing the assessments is against the weight of the evidence adduced at the hearing.

Appellant presents a tabulated statement showing the assessments on these lands as they appear on the tax-books for the year 1920, and also the assessments made by the board of assessors, the amounts fixed by the county court, and the amounts fixed by the judgment of the circuit court.

The inquiry involves seventy-four separate valuations, in most instances each valuation covering several contiguous lots. The figures tabulated by appellant, showing the aggregate valuations, are as follows:

Total valuation for the year 1920................$35,245

Total valuation fixed by the board of as-
    sessors .................................................. 56,430

Total valuation fixed by the county court 44,865

Total valuation fixed by judgment of the
    circuit court .......................................... 43,595

Counsel for appellant have discussed in the brief, in detail, each of the separate assessments, but it is unnecessary for us to do so in this opinion, as the appeal can be disposed of in a general discussion of all the valuations.

It appears from the testimony that the board of assessors sought to adopt, as the proper assessment, fifty per centum of the actual valuation of the land, and appellee introduced the county assessor and one of the members of the township board, whose testimony tended to show that these lands were assessed on that basis, and that they were in uniformity with other assessments in the county. Several witnesses were introduced by appellant, and their testimony tended to show that many of the assessments were excessive, and in some instances were not in conformity with the assessments on similar property.

It appears from the tabulated figures furnished by appellant that the assessments made by the township

board were approximately $20,000 in excess of the valuation for the previous year, but that the valuation fixed by the circuit court in its judgment was approximately $13,000 less than the valuation fixed by the assessing board, and about $1,500 less than the valuation fixed by the county court. The sole question which concerns us is, whether or not there is legally sufficient testimony to support the finding of the circuit court, for the settled rule is that the court will not disturb the finding of the trial court or jury upon disputed issues of fact unless found to be unsupported by substantial testimony. That rule prevails in all cases at law, and a case like this, involving the correctness of valuations for taxation purposes, is no exception to the general rule. *St. L. & S. F. R. R. Co.* v. *Fort Smith & Van Buren Bridge Dist.,* 113 Ark. 492.

Upon consideration of the testimony, we are of the opinion that it is legally sufficient to support the finding of the trial court.

This disposes of the only contention made by appellant's counsel, and the judgment is therefore affirmed.