TUCKER LAKE RECLAMATION DISTRICT *v.* WINFREY.

Opinion delivered September 24, 1923.

1. LEVEES AND DRAINS—BASIS OF ASSESSMENT.—On hearing of protests against the amount of assessments for levee and drainage purposes, the court remarked: "I am satisfied from what proof I have heard that this project ought to be put there, and I think it should go through unless it amounts to practically confiscating a man's land. That is a different proposition. I want to hear proof on that." *Held* not to show that his finding that certain assessments were too high was based on an erroneous basis, namely, the ability of the owners to pay the taxes from rents and profits derived from the land, instead of the enhanced value of the lands which would result from the proposed improvement.

2. LEVEES AND DRAINS—CONCLUSIVENESS OF COURT'S FINDING AS TO ASSESSMENTS.—The rule that the court will not disturb the finding of the trial court or jury in an action at law unless found to be unsupported by substantial testimony applies in the case of a finding as to the amount of benefits to accrue from a proposed drainage district.

3. TRIAL—GENERAL AND SPECIAL FINDING.—A general finding that a body of lands will, as a whole, be enhanced in value $12,000, by a proposed improvement will be controlled by special findings as to the value of each separate tract, totaling $11,026.63.

Appeal from Jefferson Circuit Court, *W. B. Sorrels,* Judge; affirmed.

*Mike Danaher* and *Palmer Danaher,* for appellant.

*Crawford & Hooker,* for appellees.

This appeal is from the findings of fact made by the trial court, sitting as a jury. Such findings are con-

clusive on appeal. 90 Ark. 512; 91 Ark. 108; 92 Ark. 41; 90 Ark. 494; *Id.* 375; *Id.* 372; 100 Ark. 166; 86 Ark. 504; 80 Ark. 57; 82 Ark. 188; 250 S. W. (Ark.) 33.; 84 Ark. 626; 97 Ark. 374; 80 Ark. 249; 96 Ark. 606; 82 Ark. 260; 86 Ark. 259; 126 Ark. 219; *Id.* 318; *Id.* 587; 98 Ark. 367; 114 Ark. 170; 107 Ark. 281; 125 Ark. 136.

Smith, J. Appellant is an improvement district formed under the general statutes of the State under the orders and judgment of the county court of Jefferson County. After the assessment of the benefits accruing to the lands of the district was made, appellees, who are owners of land lying within the district, filed a protest against their assessments. The county court heard the protests and overruled them, and entered an order confirming the assessments, and from this order appellees appealed to the circuit court.

The hearing in the circuit court was *de novo,* as required by the statute, and at the conclusion thereof the court entered an order reducing the assessments, and this appeal is from that judgment.

During the hearing before the circuit judge, that official made the following observation: "I am satisfied, from what proof I have heard, that this project ought to be put there, and I think it should go through, unless it amounts to practically confiscating a man's land; that is a different proposition. I want to hear proof on that." It is now insisted that this remark of the judge showed that his finding was based upon an erroneous basis, in that his finding was not controlled by a consideration of the betterments to the lands or the enhanced value to result from the improvement, but was based upon a consideration of the ability of the owners to pay the tax from rents and profits derived from the land.

This would, of course, be an improper basis upon which to assess betterments for a proposed improvement district of any character. To adopt that basis would prevent the assessment of benefits against unde-

veloped and non-income producing lands. The thing to be considered is the enhanced value which it is anticipated will result from the proposed improvement. But the law of the subject has been defined in many cases, and need not be reviewed here. We think, however, that the remarks of the court and the record in its entirety do not support the contention of appellant that the court considered the income-producing quality of the land and the ability of the owner to pay, rather than the enhanced value of the lands which would result from the construction of the proposed improvement.

The court found the fact to be that the lands would be greatly benefited by the proposed improvement; but the court also found that the assessed benefits were excessive, and that the lands would not be benefited to the extent of the assessments made, and, upon this finding, reduced the assessments.

We have carefully reviewed the conflicting testimony in this case, and are constrained to say that the preponderance of the testimony appears to establish the fact that the betterments assessed by the commissioners and approved by the county court are not excessive; but this testimony is by no means undisputed, and we are unable to say that the testimony is not legally sufficient to support the findings of the court below.

This is an appeal from a trial at law, and involves a finding of fact made by a circuit court, and in such case it is our duty to give to the testimony tending to support that finding its highest probative value.

The case of *Gibson* v. *Lawrence County,* 155 Ark. 319, involved the assessment of certain lands for general taxation purposes, and in affirming the findings of the circuit court we there said: "The sole question which concerns us is, whether or not there is legally sufficient testimony to support the finding of the circuit court, for the settled rule is that the court will not disturb the finding of the trial court or jury based upon disputed issues of fact, unless found to be unsupported by sub-

stantial testimony. That rules prevails in all cases at law, and a case like this, involving the correctness of valuations for taxation purposes, is no exception to the general rule. *St. L. & S. F. R. Co.* v. *Fort Smith & Van Buren Bridge Dist.,* 113 Ark. 492.''

There is conflicting testimony as to the quantity of appellees' lands which were subject to overflow, and also as to the extent and duration of the overflow. The undisputed testimony shows that appellees' lands would all be benefited by the proposed improvement, although one witness expressed the opinion that the obstruction of drainage would about offset the value of the protection from the overflow which the levee would afford. The court found that the land would be benefited, and rendered judgment accordingly, and the only question for us to determine is whether there is any substantial testimony to justify an assessment as small as that made, and this question we must answer in the affirmative. There was substantial testimony placing the betterments at an even smaller amount than that found by the court, and, this being true, it becomes our duty to affirm the judgment, notwithstanding any opinion we may have as to what the preponderance of the testimony shows, and no useful purpose would be served in setting out the conflicting views of witnesses who testified on the subject and expressed their opinions as to the betterments to be derived from the proposed improvement.

It is insisted that in any event the betterments of appellee Cady should be raised from $11,026.63 to $12,000; and the basis of this contention is that the court found that these lands would be enhanced in value to the extent of $12,000. It was the view of the court that the farm, considered as a whole, would be enhanced in value to the extent of $12,000. But this was not the manner in which the law required the betterments to be assessed. The requirement of the law is that each tract shall be separately assessed. Section 6824, C. & M. Digest. This was done, and the court set opposite each

tract the enhanced value thereof, and the total of the betterments thus found and assessed amounted to $11,026.63, and the judgment of the court was in accordance with this finding. This latter finding, made in accordance with the requirements of the statute, must be accepted as in the nature of a correction of a more general finding that the betterments to the whole body of land were $12,000.

The judgment of the court below must be affirmed, and it is so ordered.